IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY HERRINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-052 |
| | ) | |
| VANCE LAUGHLIN, Warden, and | ) | |
| TIMOTHY WARD, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner Anthony Herrington filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee. Accordingly, process shall issue. First, however, the Court must address adding the proper respondent.

**I.  Adding Commissioner Ward as a Respondent**

Petitioner is currently incarcerated at Wheeler Correctional Facility ("WCF"), a "private prison" operated by a corporation pursuant to a contract with the Georgia Department of Corrections ("DOC"). See Stephens v. Laughlin, CV 115-151, doc. no. 6 (S.D. Ga. Oct. 16, 2016) (explaining "private prison" relationship between WCF and DOC in habeas corpus case brought by inmate at WCF).[1] The Warden at that facility, Vance Laughlin, is currently the named Respondent in this case, but he is an employee of the

---

[1] "A court may take judicial notice of its own records." United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

corporation running the prison, not a state employee. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over Petitioner; however, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "the petition must name as respondent the state officer who has custody." Furthermore, the Advisory Committee Notes to the cited provision explain that the proper person to be named is either the person having custody over the applicant or the chief officer in charge of the state's penal institutions.

Here, although Warden Laughlin is responsible for running the "private prison" in which Petitioner is incarcerated, he is not a "state officer." The Commissioner of the DOC is the officer in charge of Georgia's penal institutions. See O.C.G.A. § 42-2-6. Accordingly, the Court **DIRECTS** the **CLERK** to add Timothy Ward, Commissioner, Department of Corrections, as a Respondent.

## II.     Responding to Petition

The Court hereby **ORDERS** Respondents to answer in writing the allegations of the petition within sixty days of the date of this Order. Pursuant to Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, the answer shall include the following:

1. certified copy of the trial transcript from Petitioner's state court conviction;

2. certified copy of the transcript from Petitioner's state habeas corpus hearings;

3. decision of the state habeas courts; and,

> 4. if Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of Petitioner's and Respondent's brief on appeal and the opinion of the appellate court, if any, as to each proceeding.

Either with the filing of the answer or within fifteen days, Respondents shall move for dismissal or explain in writing why the petition cannot be adjudicated by a motion to dismiss. Copies of all filed exhibits referenced in Respondents' pleadings must be served on Petitioner. Rodriguez v. Fla. Dep't of Corr., 748 F.3d 1073, 1077 (11th Cir. 2014).

Petitioner and Respondent shall submit to the Court their respective briefs of law within the aforementioned sixty-day period, not to exceed twenty-six typewritten pages, double-spaced on letter-sized paper. Petitioner and Respondents shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts. Unless and until Petitioner demonstrates that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the Memorandum effective December 1, 2015, entry of this Order on the docket by the Clerk complies with the requirement of service of the petition on the respondent, the Attorney General, or other appropriate officer. See General Order, MC 415-022 (S.D. Ga. Dec. 3, 2015). Pursuant to that Memorandum, service is accepted upon entry

of this Order. The Court further **ORDERS** the **CLERK** to serve this Order upon Petitioner.

SO ORDERED this 9th day of April, 2020, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA